## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## AT ROCK ISLAND

| | | |
|---|---|---|
| SHEILA LANGFELDT-ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:12-CV-4117 |
| v. | ) | |
| | ) | |
| ROBERT M. SPEER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S RULE 72(a) OBJECTION TO MAGISTRATE'S PRETRIAL RULING</u>

Now comes the Defendant, Robert M. Speer ("Defendant"), by and through his attorney, Hilary W. Frooman, Assistant United States Attorney for the Central District of Illinois, and hereby objects to the oral ruling of Hon. Magistrate Judge Jonathan E. Hawley denying Defendant's Request for Review and Enforcement of Discovery (d/e: 6/7/2017) and requests review by the District Court. Defendant seeks compliance with Defendant's Third Set of Production Requests (Ex. 1) and asks the Court to reverse the magistrate's ruling pursuant to Fed. R. Civ. P. 72(a) by compelling Plaintiff to respond as required by the Federal Rules of Civil Procedure, and in support thereof states as follows.

### Relevant Background

Discovery in this matter closed on 5/22/17. During Plaintiff's deposition of Col. Donald Mayer on April 20, 2017, Plaintiff's counsel engaged in a line of questioning that suggested reliance on an investigative report not known to Defense counsel and agreed to produce such report. On May 10, 2017, Defense counsel became aware that Plaintiff

had directly emailed Defendant Robert Speer, Secretary of the Army, pleading her case and seeking a favorable settlement of her claims. During the deposition of Susan Clay, Plaintiff again engaged in a line of questioning suggesting that Plaintiff was sending emails about her case to other federal personnel.

Accordingly, on April 21, 2017, Defendant issued a Third Set of Production Requests. (Ex. 1)  Among the production requests were:

### First Production Request

1.  Identify and produce any and all reports of any investigation of whatever type in plaintiff's possession pertaining to Jerry Delacruz and involving complaints made by any military officer about Mr. Delacruz's professional demeanor or behavior. This request includes but is not limited to those investigations referenced in plaintiff's deposition of COL Donald Mayer taken on April 20, 2017, in Davenport, Iowa. Include documentation that identifies source of said report; should Plaintiff not have a full copy of said report in her possession, provide whatever portion is in Plaintiff's possession and provide documents referencing such report.

### Third Production Request

3.  Identify and produce any and all correspondence and communications in whatever form between plaintiff and any person identified by either plaintiff or defendant as a witness or potential witness in any discovery disclosure made between the parties in the present matter and made any time since the filing date of case number 14-cv-1404 or the underlying administrative EEO complaint thereof.  This request includes but is not limited to communications made via email, text message, communication via any instant messaging system or social media platform.

Request #1 was prompted by the exchange that took place during Col. Mayer's Deposition. (Ex. 2 at 40-51) Production Request #3 was prompted by Plaintiff's email to Secretary Speer, as well as the exchange that took place during Clay's Deposition. (Ex. 3 and Ex. 4 at 94-95)

2

Under Rule 34(b)(2), Plaintiff had until May 21, 2017 to respond to Defendant's
Third Set of Production Requests. When Plaintiff failed to timely respond, Defense
counsel contacted Attorney Fieweger on May 26, 2017 to remind him that his response
was overdue and exactly what documents the parties had agreed during depositions
that Plaintiff would provide to Defense. (Ex. 5)  On June 2, 2017, Defense counsel again
advised Attorney Fieweger that he had failed to produce documents as agreed during
depositions or in response to the Requests to Produce. (Ex. 6)  It was not until June 5,
2017, 16 days after the close of discovery, that Plaintiff responded, stating contrary to
his assertion during the Mayer deposition, that there were no other 15-6 reports, and
gave the following objection in response to Production Request #3:

> Plaintiff objects to request number three in that it calls for a
> voluminous amount of email exchanges between herself and
> employees from the Army Sustainment Command who have
> been previously named as witnesses in answers to discovery.
> Defendant controls the email servers which would contain
> those exchanges between plaintiff and Army Sustainment
> Command employees.,  Plaintiff has previously produced all
> witness statements in declarations obtained in case number
> 14-cv-1404.  Without waiving her objection plaintiff produces
> the text message exchange with Joseph Schultz from June 2,
> 2017, concerning Mr. Schultz's conversation with defendant's
> attorneys regarding plaintiff's work.

Attached to the Response was a partial communication between Plaintiff and

Mr. Schultz. (Ex. 7)

The next day, Defense counsel contacted Attorney Fieweger once again and set

forth their objections to his failure to provide timely, complete responses, in particular

to Request #3. With respect to the single exchange between Plaintiff and Mr. Schultz,

Defendants objected that it was an incomplete communication. The date was not visible and the message itself was incomplete, appearing to have been cut off at the bottom. (Ex. 8) Furthermore, the indication that the response would be "voluminous" suggests a pattern of witness contact or manipulation by Plaintiff with the knowledge of her counsel that is quite disturbing.

Given the peculiar circumstances of this case and the requirements of Magistrate Judge Hawley's Standing Order (Ex. 9), Defense counsel immediately requested a telephone conference call with the Court. On June 7, 2017, a conference call took place with Magistrate Judge Hawley. Defense counsel essentially made an oral Motion to Compel, explaining that Plaintiff had provided no response to the April 21, 2017, discovery request until June 6, 2017, and objecting to this failure as set forth in the June 6, 2017, letter to Attorney Fieweger. Magistrate Judge Hawley stated that discovery was closed, and the issue was closed. (d/e: 6/7/2017)

## Argument

The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006); *Burkybile v. Mitsubishi Motors, Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) (a reflexive invocation of the …often abused litany that the requested discovery is …overly broad, unduly burdensome or…[not] calculated to lead to the discovery of admissible evidence" is insufficient). As the Federal Rules of Civil Procedure place no time limit for filing a motion to compel discovery, the matter is left to the broad discretion possessed by the district courts. *Semien v. Life Ins. Co. of North*

*America*, 436 F.3d 805, 813 (7th Cir. 2006). Courts may consider motions made after the close of discovery, particularly where the timing of the motion is caused by the delay tactics of the opposing party. *Blanchard v. EdgeMark Fin. Corp.*, 192 F.R.D. 233, 235 (N.D. Ill. 2000) (30 days not too late); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 477-78 (N.D. Ill. 2009) (request to produce filed more than 30 days prior to close of discovery; after numerous unsuccessful attempts to resolve the discovery dispute, the plaintiff filed a Motion to Compel which was granted).

Discovery is supposed to be "open and even-handed" so all relevant facts may be developed. *Am. Floral Svcs., Inc. v. Florists Transworld Delivery Ass'n*, 107 F.R.D. 258, 260 (N.D. Ill. 1985) (justice should be developed on the merits and not "shaped by . . . tactical strategems.") Lawyers have a "duty to act in good faith in complying with their discovery obligations and to cooperate with and facilitate forthright discovery." *Johnson v. J.B. Hunt Transport, Inc.*, 280 F.3d 1125, 1132 (7th Cir. 2002). Courts "ought not to reward those who needlessly allow confusion to persist or who are the cause of discovery delays." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 342 (N.D. Ill. 2005).

Defendant is not asking for the imposition of sanctions for Attorney Fieweger's repeated failure to timely respond to discovery requests in this case. Rather, Defendant simply asks the Court to hold him to his discovery obligations and reopen discovery for the limited purpose of obtaining reasonable compliance with Defendant's Third Set of Production Requests.

This is not the first time that Attorney Fieweger has failed to meet his discovery obligations in this case. On February 14, 2017, the Court held a telephone conference call

with counsel in reference to discovery based on his failure to properly respond to Defendant's First Requests to Admit and Third Request to Produce, served on Plaintiff 11/16/16. (Doc. 89)  The Court ordered Plaintiff to provide documents relevant to the GS-15 position she recently obtained in Indianapolis, Indiana and Defendant to provide a copy of the Inspector General ("IG") report relevant to witness Scott Welker; both parties to produce said document no later than February 17, 2017. (d/e: 2/14/17) Attorney Fieweger subsequently suggested that Defendant obtain the documents the Court had ordered Plaintiff to provide from Defendant's computer system.  Defense counsel explained that the documents in question were not available to Defendant. (Ex. 10)  Defendant provided the IG report in a timely fashion; Plaintiff failed to provide any of the documents as ordered. (Ex. 11)

By letter dated March 3, 2017, Defense counsel reminded Attorney Fieweger of his failure to provide discovery as ordered. (Ex. 12) In a telephone call on March 23, 2017, Counsel Frooman and Fieweger discussed scheduling depositions, and Attorney Frooman once again reminded Attorney Fieweger that he had not provided the discovery as ordered. Attorney Fieweger indicated that Plaintiff had forwarded the requested discovery to his office, so it would be provided. However, the discovery was not provided to Defendant.

On March 29, 2017, Defense counsel called Plaintiff's counsel to discuss this case and was advised that he was unavailable, Defense counsel requested that Plaintiff's counsel return the call. On March 30, 2017, Defense counsel again contacted Attorney Fieweger's office to remind him of his failure to provide the discovery that should have

been in Defendant's hands on February 17, 2017.  (Ex. 13)  His office assured counsel that the discovery would be on its way shortly. (Ex. 13) Thereafter, Plaintiff provided updated responses to Requests to Admit and Requests to Produce, but she failed to provide any of the documents the Court specifically ordered to be turned over by February 17, 2017.

On April 19, 2017, while Defense counsel were in Attorney Fieweger's office for depositions, Magistrate Judge Hawley held a telephonic conference.  Plaintiff's counsel asserted that he had provided everything to Defendant on March 30, 2017.  When Defense counsel returned to their offices, they searched and found nothing either by email or U.S. Mail that would have come on or around March 30, 2017, in compliance with the Court Order.

Magistrate Judge Hawley ruled that Defendant's June 7, 2017 oral request for discovery enforcement was untimely because discovery had closed by the time Defendant requested the hearing. Respectfully, this result does not take into consideration the timing of the underlying events, namely that the conduct giving rise to the request did not occur until late in the discovery schedule or that Defense counsel acted promptly upon being made aware of the issues, and effectively condones Plaintiff's failure to timely comply with discovery obligations or seek some limitation on the request.  Further, Plaintiff's ultimate response objecting to the discovery request was not provided until after discovery had closed. Under these circumstances, the Magistrate Judge's refusal to address Defendant's request actually rewards Attorney Fieweger's unjustified delay.

Moreover, Plaintiff's generic assertion that the communications are too "voluminous" to provide was not timely asserted and is unsupported by any indication of the number of communications referenced. Further, Plaintiff's assertion that Defendants already has access to the communications is unacceptable. It intimates that Plaintiff has been communicating with respect to her case with Defendant's employees and making use of their time and government resources, as well as the government time and resources being expended on her end, as she also remains employed by a government agency. Without naming the employees, Plaintiff would prefer to burden Defendant with the task of searching through every communication in the Army computer system when she has direct access to her own communications, whether by text, email, or social media. The answer to a discovery request that "you already have access to it" is not an answer. Further, Plaintiff ignores the fact that her response to Request #1 is directly contrary to her counsel's statements during the deposition of Col. Mayer.

This Plaintiff has engaged in similar obstructive behavior in the past, failing to comply with the Court's Order to provide certain documents by February 17, 2017, without seeking an extension of time or informing either Defense counsel or the Court of any difficulty she might be facing in her production. The Defendant contacted her on March 3, 2017, March 23, 2017 and March 30, 2017 to remind her of the deadline and her failure to comply, and Plaintiff provided no response whatever other than to promise that she would provide the documents. On April 19, 2017, her counsel advised the Court that he had provided the requested documents on March 30, 2017, but in fact, the

documents the Court had ordered be provided on February 17, 2017 were not among those provided on March 30, 2017.

The Defense does not seek sanctions against Plaintiff; Defendant seeks complete discovery responses to Production Request #3. In requesting court intervention on June 7, 2017, Defense counsel was aware that discovery had closed, but the discovery request was timely made with responses due shortly before the close of discovery, and Plaintiff made no effort to either object or respond until after the discovery deadline had passed. Thereafter, following the Magistrate Judge's standing rules, Defense counsel made an effort to contact Plaintiff to resolve the dispute; it appeared that time was simply extending and Defendant determined to seek Court assistance as soon as possible.

Given Plaintiff's history in this case of failing to respond and/or failing to produce full and complete discovery as set forth above, it does not seem that Plaintiff's discovery behavior is what any court would wish to condone or set as an example to other counsel. Plaintiff has never asserted that Defense is not entitled to the communications it now seeks. Plaintiff has simply asserted that it is too much work to produce the communications. Had Plaintiff contacted Defendant timely with that difficulty, Defendant would have been willing to work with Plaintiff to determine a means to perhaps make production more manageable. Now, however, it has been nearly 8 weeks since the Third Request to Produce was served, and Plaintiff has never even indicated how many of the communications it made an effort to copy or in what form they were stored. Rather, Plaintiff provided a portion of a single communication.

Plaintiff's lack of response to discovery has required substantial additional time from Defendants in the numerous and continuing contacts with Plaintiff's counsel. It has also taken substantial Court time. Plaintiff has never offered any reason whatsoever for her failure to respond. The Court should not allow such behavior.

**Conclusion**

The Defendant requests that the Court reverse the ruling of the Magistrate Judge and reopen discovery for the limited purpose of directing Plaintiff to respond to Production Request #3. Defendant requests that the Court set a date certain by which Plaintiff must have all documents produced.  This will not hamper Summary Judgment, as the documents sought are not essential to the motion; rather, the request is for the purpose of trial should summary judgment not be granted or granted only in part.

Respectfully submitted,

PATRICK D. HANSEN
*Acting United States Attorney*

s/ Hilary W. Frooman
HILARY W. FROOMAN, Reg # 6180241
Attorney for the Defendant
United States Attorney's Office
318 S. Sixth Street
Springfield, Illinois 62701
Telephone:  217-492-4450
Fax:  217-492-4888
Email: hilary.frooman@usdoj.gov

s/ Holly K.S. Bryant
HOLLY K.S. BRYANT, Reg #48139
Attorney for the Defendant
U.S. Army Litigation Division
9275 Gunston Road, 3rd Floor
Fort Belvoir, VA  22060
Telephone:  703-693-0357
Email: holly.k.bryant4.mil@mail.mil

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**AT ROCK ISLAND**

SHEILA LANGFELDT-ABBOTT,     )
                                 )
          Plaintiff,         )   Case No. 4:12-CV-4117
      v.                     )
                                 )
ROBERT M. SPEER,           )
                                 )
          Defendant.     )

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 16, 2017, I e-filed the foregoing Defendant's Rule 72(a) Objection to Magistrate's Pretrial Ruling with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the plaintiff's attorney:

Stephen T. Fieweger

<u>S/Hilary W. Frooman</u>
Hilary W. Frooman
Assistant United States Attorney
